IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

RONALD SATISH EMRIT,

        **Plaintiff,**

v.

THE GRAMMY AWARDS ON CBS, D/B/A
THE RECORDING ACADEMY/NATIONAL
ACADEMY OF RECORDING ARTS AND
SCIENCES (NARAS),

        **Defendant.**

Case No. 2:24-cv-02018-HLT-TJJ

## REPORT AND RECOMMENDATION

Ronald Satish Emrit, proceeding *pro se,* filed this action against The Grammy Awards on CBS, d/b/a The Recording Academy/National Academy of Recording Arts and Sciences ("the Grammys"), alleging violation of the Civil Rights Act of 1964 and breach of contract.[1] In conjunction with the filing of his Complaint, Plaintiff filed a motion requesting leave to proceed without payment of the filing fee under the *in forma pauperis* ("IFP") statute, 28 U.S.C. § 1915(a)(1).[2] That motion was granted,[3] but service of the Summons and Complaint was withheld pending pre-service review, as it appears this action is frivolous or malicious and fails to state a

---

[1] Complaint at 8–9 (ECF No. 1).

[2] ECF No. 3.

[3] *See* Order Granting *In Forma Pauperis* Status but Withholding Service of Summons and Complaint (ECF No. 4).

claim on which relief may be granted, and therefore should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).[4]

## I. Plaintiff's Allegations

According to his Complaint, Plaintiff is an African American resident of Florida and Maryland. He alleges race discrimination against the Grammys in violation of the Civil Rights Act of 1964. Plaintiff claims to be a recording artist and former non-voting member of the Grammys. He claims that a member of the Los Angeles chapter of the Grammys illegitimately ended Plaintiff's membership in the Grammys in 2010. When Plaintiff tried to re-join the Grammys, he was denied. Plaintiff alleges this denial was an act of racial discrimination.

Plaintiff seeks "punitive, compensatory, and treble damages" of $45 million for violation of the Civil Rights Act of 1964.[5] Though the Complaint does not allege a separate count of breach of contract, Plaintiff asserts the $45 million are also to be considered "expectation, reliance, restitution, incidental, consequential, and/or liquidated damages as the material breach of contract since the plaintiff used to be in privity of contract with the sole defendant The Grammy[s]."[6] Finally, Plaintiff seeks "an injunction requiring and/or mandating that the [the Grammys] reinstate [his] Grammys membership as specific performance according to contract law."[7]

## II. Analysis

When a party seeks to proceed without the prepayment of fees, 28 U.S.C. § 1915 requires

---

[4] *Id.* at 2.

[5] Complaint at 8–9 (ECF No. 1).

[6] *Id.* at 9.

[7] *Id.*

2

the court to screen the party's complaint. The court must dismiss the case if it determines that the action (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, or (3) seeks monetary relief from a defendant who is immune from suit. The purpose of § 1915(e) is to "discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11."

### A. Plaintiff's lawsuit is frivolous and duplicative.

As of February 2024, Plaintiff has filed actions against the Grammys substantially similar to this action in at least sixteen federal districts,[8] and "strategically" so, in search of "favorable rulings."[9] The Eastern District of North Carolina dismissed without prejudice the first of these on the Memorandum and Recommendation of a magistrate judge on October 6, 2023.[10] The Fourth Circuit Court of Appeals affirmed.[11] Plaintiff has a pattern of filing identical cases simultaneously and has been "warned by other courts to refrain from submitting duplicative and frivolous pleadings."[12] As recently as February 5, 2024, a magistrate judge for the District of Montana

---

[8] C.D. Cal., S.D. Ill., D. Kan., E.D. Mich., W.D. Mich., N.D. Miss., E.D. Mo., D. Mon., N.D. N.Y., E.D. N.C., N.D. Ohio, D. Or., D. S.C., M.D. Tenn., W.D. Tenn., and E.D. Wis.

[9] Complaint at 5 (ECF No. 1).

[10] *Emrit v. Grammy Awards on CBS*, No. 5:23-CV-00499-M, 2023 WL 6541844, at *1 (E.D.N.C. Oct. 6, 2023).

[11] *Emrit v. Grammy Awards on CBS*, No. 23-2063, 2024 WL 399084, at *1 (4th Cir. Feb. 2, 2024).

[12] *Emrit v. Jules*, No. 4:23-CV-00008-WS-MAF, 2023 WL 2229022, at *4 (N.D. Fla. Jan. 20, 2023).

recommended dismissal with prejudice of a complaint identical to the one filed in this Court.[13] Indeed, both complaints invoke the federal diversity jurisdiction of "the U.S. District Court for the District of Washington State" to justify jurisdiction and venue in Montana[14] and Kansas[15] respectively. It is clear to this Court that Plaintiff is engaging in copy-and-paste forum shopping.

Despite the warnings against filing frivolous and duplicative complaints, Plaintiff has continued to file multiple complaints with the same allegations against the Grammys. Therefore, the Court recommends dismissal of Plaintiff's Complaint as frivolous, duplicative, and an abuse of the judicial process.

**B.     Plaintiff fails to state a claim upon which relief may be granted.**

Fed. R. Civ. P. 8(a)(2) requires that a complaint provide a "short and plain statement of the claim showing that the pleader is entitled to relief." It is appropriate to dismiss for failure to state a claim when the complaint "lacks a cognizable legal theory or alleges insufficient facts to support a cognizable legal theory."[16] Additionally, a complaint must contain "sufficient factual matter,

---

[13] *See Ronald Satish Emrit v. The Grammy Awards on CBS d/b/a The Recording Acad./Nat'l Acad. of Recording Arts & Scis. (NARAS)*, No. CV 24-5-M-DLC-KLD, 2024 WL 416307, at *3 (D. Mont. Feb. 5, 2024).

[14] Complaint at 3, *Ronald Satish Emrit v. The Grammy Awards on CBS d/b/a The Recording Acad./Nat'l Acad. of Recording Arts & Scis. (NARAS)*, No. CV 24-5-M-DLC-KLD, 2024 WL 416307, at *3 (D. Mont. Feb. 5, 2024).

[15] Complaint at 3 (ECF No. 1).

[16] *Gernandt v. SandRidge Energy, Inc.*, No. CV-15-1001-D, 2018 WL 5851507, at *1 (W.D. Okla. Nov. 8, 2018) (citing *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018)).

accepted as true, to 'state a claim to relief that is plausible on its face.'"[17] "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[18] Because Plaintiff proceeds *pro se*, the court construes his pleadings liberally.[19] Liberal construction, however, "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based."[20]

The Court finds Plaintiff has failed to state a claim upon which relief can be granted, even when the Complaint is given a liberal construction. Plaintiff alleges a violation of Title VII of the Civil Rights Act of 1964. Title VII prohibits employment discrimination on the basis of "race, color, religion, sex or national origin."[21] As other courts that have ruled on this complaint have found, an employment relationship is essential to a Title VII claim, but because Plaintiff does not allege any facts to show that he was an employee of the Grammys, he fails to state a claim for race discrimination under Title VII.[22]

Other courts, liberally construing Plaintiff's Complaint, found it could "arguably be read to assert a claim under 42 U.S.C. § 1983" for the "deprivation of any rights, privileges, or

---

[17] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

[18] *Id.*

[19] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[20] *Id.*

[21] 42 U.S.C. § 2000e-2(a).

[22] *See Emrit*, 2024 WL 416307, at *2 (D. Mont.) (citing *Emrit v. Grammy Awards on CBS*, No. 3:23-CV-3351-NJR, 2023 WL 8543782, at *2 (S.D. Ill. Dec. 11, 2023)).

immunities secured by the Constitution and laws" of the United States.[23] However, those courts have noted that Section 1983 requires "a plaintiff [to] allege the violation of a right secured by the Constitution and laws of the United States, and [to] show that the alleged deprivation was committed by a person acting under color of state law."[24] Plaintiff fails to satisfy these requirements. He invokes the Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause[25] but gives no factual basis from which to infer that the Grammys violated these constitutional rights. Neither does he allege that the Grammys acted under color of state law when a member of the Los Angeles chapter of the Grammys revoked Plaintiff's Grammy membership. Plaintiff has therefore not stated a claim under § 1983.

Finally, Plaintiff invokes the Americans with Disabilities Act of 1990.[26] Again, Plaintiff alleges no facts of his disability or of the Grammys' discrimination against him because of his disability. Neither has he given an explanation of how the ADA would apply even if he had shown the Grammys discriminated against him on the basis of disability. Plaintiff has therefore failed to state a claim under the ADA.[27]

---

[23] *See id.* at *2 (citing *Emrit v. Grammy Awards on CBS*, No. 23-12577, 2023 WL 8456116, at *2 (E.D. Mich. Dec. 6, 2023)).

[24] *Folsom v. Knutson*, 702 F. App'x 781, 783 (10th Cir. 2017) (citing *West v. Atkins*, 487 U.S. 42, 48 (1988)).

[25] Complaint at 3 (ECF No. 1).

[26] *Id.*

[27] *See Emrit v. Grammys Awards on CBS*, 1:23-CV-1155 (TJM/CFH), 2023 WL 6577793, at *4 (N.D. N.Y. Oct. 6, 2023) (finding the same and noting "[t]his is not a claim involving employment (Title I [of the ADA]), a service of the state of local government or public transit (Title II), public accommodation (Title III), or telecommunications (Title IV).").

**C.    This Court lacks personal jurisdiction and venue is improper.**

"The Court may dismiss an *in forma pauperis* plaintiff's complaint for lack of personal jurisdiction and improper venue, despite the fact that these defenses can be waived under Fed. R. Civ. P. 12(h)(1)."[28]  The Court may consider personal jurisdiction and venue *sua sponte* only "when the defense is obvious from the face of the complaint and no further factual record is required to be developed."[29] The Court should only dismiss the case if "'it is clear that [the plaintiff] can allege no set of facts' to support personal jurisdiction or venue."[30]

*1. Personal Jurisdiction*

Plaintiff acknowledges that this Court does not have "personal . . . jurisdiction over this issue."[31] Plaintiff seems to confuse the requirements of personal jurisdiction, subject matter jurisdiction, and venue, however, so the Court briefly analyzes the question here.

"In determining whether a federal court has personal jurisdiction over a defendant, the court must determine '(1) whether the applicable statute potentially confers jurisdiction by authorizing service of process on the defendant and (2) whether the exercise of jurisdiction

---

[28] *Lietzke v. City of Montgomery, Ala.*, No. 14-2173-RDR, 2014 WL 1775744, at *1 (D. Kan. May 5, 2014) (citing *Brown v. Peter Francis Jude Beagle Law Office*, 08–3311–SAC, 2009 WL 536596, at *1 (D. Kan. Mar. 3, 2009)).

[29] *Brown v. Peter Francis Jude Beagle L. Off.*, No. 08-3311-SAC, 2009 WL 536596, at *1 (D. Kan. Mar. 3, 2009).

[30] *Trujillo v. Williams*, 465 F.3d 1210, 1217 (10th Cir. 2006) (quoting *Sanders v. United States*, 760 F.2d 869, 871 (8th Cir. 1985)).

[31] Complaint at 3 (ECF No. 1).

comports with due process.'"[32] "The exercise of jurisdiction over a nonresident defendant comports with due process 'so long as there exist minimum contacts between the defendant and the forum State.'"[33]

"Title VII does not authorize nationwide service of process."[34] "Service is therefore governed by Federal Rule of Civil Procedure 4(k)(1)(A), which requires the court 'to apply the law of the state in which the district court sits.'"[35] "Because the Kansas long-arm statute is construed liberally so as to allow jurisdiction to the full extent permitted by due process, we proceed directly to the constitutional issue."[36]

The minimum contacts standard of due process is met if (1) "the defendant has purposefully directed his activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities," or (2) the defendant maintains "continuous and systematic general business contacts" with the forum state.[37]

Here, Plaintiff fails to set forth any facts in his Complaint to support the exercise of personal jurisdiction by this Court over the Grammys. As presented in the Complaint, neither

---

[32] *Trujillo*, 465 F.3d at 1217 (quoting *Peay v. BellSouth Med. Assistance Plan*, 205 F.3d 1206, 1209 (10th Cir. 2000)).

[33] *Id.* (quoting *Intercon, Inc. v. Bell Atl. Internet Solutions, Inc.*, 205 F.3d 1244, 1247 (10th Cir.2000)).

[34] *Paige v. City of Farmington*, No. 19-4103-JAR-ADM, 2020 U.S. Dist. LEXIS 35578, *2-3 (D.Kan. Feb. 3, 2020) (citation omitted).

[35] *Id.* (quoting *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008)).

[36] *OMI Holdings, Inc. v. Royal Ins. Co. of Canada*, 149 F.3d 1086, 1090 (10th Cir. 1998).

[37] *Id.* at 1090–91 (internal citations and quotation marks omitted).

Plaintiff nor Defendant resides in or has any connection to Kansas. Plaintiff resides in Florida and Maryland and alleges that Defendant has its "principal place of business (ppb) and/or nerve center" in California.[38] Plaintiff makes no allegation the Grammys has purposefully directed its activities at residents of Kansas, let alone that his claims result from alleged injuries that arise out of or relate to those activities. Neither has he alleged that the Grammys maintains continuous and systematic general business contacts with Kansas. The name "Kansas" occurs exactly once in the Complaint, arbitrarily above the caption. As noted above, even the invocation of federal jurisdiction in the Complaint refers arbitrarily to the State of Washington. Therefore, with respect to Title VII, the Complaint is subject to dismissal for lack of personal jurisdiction.

Neither 42 U.S.C. § 1983 nor the Americans with Disabilities Act provide for nationwide service of process.[39] Therefore, the same personal jurisdiction analysis applies with respect to those allegations and the Complaint is likewise subject to dismissal for lack of personal jurisdiction.

*2. Venue*

Pursuant to 28 U.S.C. § 1391(b), venue is proper in:

(1)   A judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2)   A judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

---

[38] Complaint at 2 (ECF No. 1).

[39] *See Mandeville v. Crowley*, 695 Fed. Appx. 357, 359 (10th Cir. 2017) (referring to 42 U.S.C. 1983); *Marso v. SafeSpeed*, LLC, No. 19-2671-KHV, 2020 U.S. Dist. LEXIS 138042, *9 (D. Kan. Aug. 4, 2020) (referring to the ADA).

(3) If there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such an action.

The Grammys does not reside in Kansas. The jurisdictions listed in the Complaint that could conceivably be related to the events in question do not include Kansas.[40] Defendant is not subject to personal jurisdiction in the District of Kansas as shown above. Therefore, venue is not proper in the District of Kansas.

Accordingly, for all of the reasons set out above, the undersigned U.S. Magistrate Judge recommends that Judge Teeter **DISMISS** this action without prejudice.

Plaintiff is hereby informed that, within 14 days after he is served with a copy of this report and recommendation, he may, pursuant to 28 U.S.C. § 636(b)(1) and Fed R. Civ. P. 72, file written objections to the report and recommendation. Plaintiff must file any objections within the 14-day period allowed if he wants to have appellate review of the recommended disposition. If Plaintiff does not timely file his objections, no court will allow appellate review.

A copy of this report and recommendation shall be mailed to Plaintiff.

IT IS SO ORDERED.

Dated this 4th day of March, 2024, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[40] Complaint at 3–6 (ECF No. 1) (listing only Florida, Maryland, California, Pennsylvania, New York, Texas, Tennessee, Illinois, Washington, and the District of Columbia).