IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| RONALD SATISH EMRIT, | |
| Plaintiff, | |
| v. | Case No. 2:24-cv-02018-HLT-TJJ |
| GRAMMYS AWARDS ON CBS, THE, | |
| Defendant. | |

**ORDER**

Plaintiff Ronald Satish Emrit filed this case pro se.[1] Plaintiff alleges violation of the Civil Rights Act of 1964 stemming from the failure of Defendant The Grammys Awards on CBS to reinstate his membership. Doc. 1 at 5-6, 8. He also suggests there was a breach of contract. *Id.* at 9. He seeks $45,000,000 in damages and an injunction. *Id.*

The magistrate judge issued a Report & Recommendation ("R&R") recommending that the case be dismissed as frivolous and malicious, and because it fails to state a claim. Doc. 6 at 1-2. The R&R cited 28 U.S.C. § 1915, which permits screening of a complaint where a party seeks to proceed without payment of fees. *Id.*[2] The R&R noted that Plaintiff has filed actions similar to this one in at least 16 different federal district courts. *Id.* at 3. Plaintiff has pattern of filing identical cases and has been warned about filing duplicative and frivolous pleadings. *Id.* The R&R states that it is "clear . . . that Plaintiff is engaging in copy-and-paste forum shopping." *Id.* at 4. The R&R also noted that Plaintiff's claim is based on Title VII, which requires an employment relationship.

---

[1] Because Plaintiff proceeds pro se, his pleadings are construed liberally and held to a less stringent standard than pleadings drafted by lawyers. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). But the Court does not assume the role of advocate.

[2] Plaintiff sought and has been granted leave to proceed in forma pauperis. Doc. 4.

But Plaintiff has not pleaded any facts to show he was an employee of the Grammys. *Id.* at 5. To the extent Plaintiff's claims could be construed under other laws or constitutional provisions, he has not provided any factual basis that could give rise to a plausible claim for relief. *Id.* at 6. Finally, the R&R noted that Plaintiff has not demonstrated that the Court has personal jurisdiction over the Grammys, or that venue is proper in Kansas. *Id.* at 7-10. Plaintiff was informed he had 14 days to file written objections to the R&R. *Id.* at 10.

Plaintiff timely filed document titled "Notice of Appeal." Doc. 7. The document states that he seeks to have this case sent to the Ninth Circuit Court of Appeals. *Id.* at 1. But it also states that he seeks to have the case sent to the First Circuit Court of Appeals, or the Sixth Circuit or Eleventh Circuit. *Id.* at 4. It contains a wide variety of accusations, most of which don't seem to relate to this case. The only potentially relevant statement to this case was that it was "clearly erroneous and/or an abuse of discretion for the lower court judge to dismiss the case as frivolous, non-meritorious, or malicious." *Id.* at 1. Because the case had not yet been dismissed, the Court construed this as an objection to the R&R.[3]

Rule 72(b) governs R&Rs by magistrate judges on dispositive issues. The rule allows a party to file objections and states that "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3).

The Court has reviewed Plaintiff's complaint and response to the R&R de novo. The Court finds the observations and findings in the R&R well taken, and nothing in Plaintiff's response addresses any of the short-comings identified by the magistrate judge. Plaintiff's claims and

---

[3] To the extent Plaintiff's filing should be construed as a notice of appeal, it does not deprive this Court of jurisdiction. That is because the notice appealed a dismissal that had not yet occurred and was frivolous. *See, e.g., Arthur Andersen & Co. v. Finesilver*, 546 F.2d 338, 340-41 (10th Cir. 1976) ("If the notice of appeal is deficient by reason of untimeliness, lack of essential recitals, reference to a non-appealable order, or otherwise, the district court may ignore it and proceed with the case.").

allegations are wide-ranging and difficult to follow. To the extent Plaintiff alleges a plausible claim, it is not clear how Kansas is the proper jurisdiction or venue to adjudicate any of the issues Plaintiff complains of. Nor does anything overcome the magistrate judge's finding that Plaintiff's case is frivolous, malicious, and duplicative. To the contrary, Plaintiff's filings repeatedly refer to other similar cases he has filed and the multiple courts he seeks to proceed in.

THE COURT THEREFORE ORDERS that the Report & Recommendation (Doc. 6) is ADOPTED as the order of the Court.

THE COURT FURTHER ORDERS that Plaintiff's case is DISMISSED for the reasons stated above. This case is closed.[4]

IT IS SO ORDERED.

Dated: March 22, 2024                            /s/ *Holly L. Teeter*
                                                 HOLLY L. TEETER
                                                 UNITED STATES DISTRICT JUDGE

---

[4] To the extent Plaintiff wishes to appeal this order, he must file the appropriate documents in accordance with the Federal Rules of Civil Procedure and the Federal Rules of Appellate Procedure.